2013 UT App 242

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
CHRISTOPHER ROBERT YOUNGBLOOD,
Defendant and Appellant.

Per Curiam Decision
No. 20120440-CA
Filed October 10, 2013

Third District, Salt Lake Department
The Honorable Vernice Trease
No. 111909404

Joanna E. Landau, Attorney for Appellant
John E. Swallow and John J. Nielsen, Attorneys for
Appellee

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, and
J. FREDERIC VOROS JR.

PER CURIAM:

¶1 Christopher Robert Youngblood appeals the sentence on his convictions of two counts of automobile homicide, a third degree felony. This case is before the court on the State's motion for summary disposition. We grant the motion and summarily affirm.

¶2 "In determining whether state offenses are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). "The sentencing decision of a trial court is reviewed for abuse of discretion." *State*

*v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. A court abuses its discretion in sentencing "when it fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *See id*. ¶ 28 (citations and internal quotation marks omitted). On appeal, a defendant has the burden to show that the trial court did not properly consider all of the factors in section 76-3-401(2). *See id*. Alternatively, a defendant may demonstrate an abuse of discretion on appeal if he or she can show "that no reasonable [person] would take the view adopted by the trial court." *Id*. (alternation in original) (citation and internal quotation marks omitted).

¶3    Youngblood has not demonstrated that the district court failed to consider all legally relevant factors. His argument is essentially that the court did not give appropriate weight to his genuine remorse and his expressed willingness to support the victims' children financially and emotionally. However, the record clearly shows that the district court reviewed all documents in the record, including the presentence investigation report addressing the sentencing factors and the letters of support for Youngblood, as well as considering aggravating and mitigating factors. The court also heard arguments from the defense and the State, as well as statements by Youngblood's family and the family of the victims.

¶4    Based upon its review, the sentencing court found that consecutive prison terms were merited, specifically noting Youngblood's established repeated criminal conduct, the fact that his actions caused two deaths, his prior opportunities to participate in counseling to address substance abuse, and his three unsuccessful, and one successful, experience on probation or parole. The court rejected any suggestion that the sentencing decision was a mechanical response to the offense, while noting that the Utah Legislature had determined that a prison term was an appropriate potential sentence for this criminal conduct. Based upon its review of the totality of the circumstances, the district court found that consecutive prison sentences were merited. Accordingly, Youngblood has not demonstrated that the district court abused its discretion in imposing a legal sentence of two

consecutive terms not to exceed five years. Neither has Youngblood demonstrated that the district court imposed a sentence that was so inherently unfair or excessive under the circumstances of this case that no reasonable person would take the view adopted by the district court.

¶5    Affirmed.

———————